UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA SIAM, ET AL.,

      Plaintiffs,

v.                                                                                                Case No. 8:09-cv-163-T-24 TBM

TAMPA BAY DOWNS, INC., ET AL.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on a motion to dismiss and/or motion for summary judgment[1] filed by Defendants Tampa Bay Downs, Inc. ("TBD"), Tanyah Velez, Linda Notorangelo, and Greg Geylon (collectively referred to herein as "Defendants"[2]). (Doc. No. 12). Plaintiffs oppose the motion. (Doc. No. 15).

### I. Standards of Review

Defendants move for dismissal of four claims asserted in Plaintiffs' complaint. In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the

---

[1] Defendants move for summary judgment as to Count IV only; they move for dismissal as to Counts IV, V, VI, and VIII.

[2] Defendant Javier Doe has not joined in this motion, and all references to "Defendants" refer only to TBD, Velez, Notorangelo, and Geylon.

pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

Alternatively, Defendants move for summary judgment as to one count of the complaint.  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See id. (citation omitted).  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  See id. (citation omitted).

## II. Background

Plaintiffs allege the following in their complaint (Doc. No. 2): Plaintiff Rafaela Siam is Plaintiff Rosa Siam's mother, and Plaintiff Rudy Siam is Rosa's nephew and Rafaela's grandson. All three of the plaintiffs were employed by TBD as cleaning attendants.

In 2006, Defendant Rodriguez supervised Plaintiffs. For the previous nine years, Rodriguez and Rosa were domestic partners, but their relationship ended in September of 2006. From September 2006 through July of 2007, Plaintiffs contend that they were subjected to a hostile work environment due to Rosa's refusal to resume her relationship with Rodriguez.

Specifically, Plaintiffs allege that Rodriguez continuously, on a daily basis, propositioned Rosa and threatened that if she did not resume their sexual relationship, she and her family (Rafaela and Rudy) would be fired. Rodriguez also threatened Rafaela and Rudy in hopes that they would convince Rosa to resume the relationship. On several occasions when Rosa rejected his pleas, Rodriguez became enraged and publically humiliated Rosa by using sexually explicit and offensive language. Rodriguez warned Plaintiffs that if they reported his demands to Human Resources, their reports would be discredited and would likely lead to their termination for making the reports.

In March of 2007, Rodriguez was diagnosed with lung cancer. At that time, Rodriguez's daughter, Defendant Velez, began assisting Rodriguez with his supervisory duties. Velez encouraged, participated, and furthered the harassment of Plaintiffs and threatened termination if Rosa did not take Rodriguez back.

On May 22, 2007, Rudy was terminated for clocking in at 7:05 p.m. and then allegedly leaving the premises while still on the clock. Rudy tried to explain that he did not leave the

premises, but the decision remained unchanged.

On June 1, 2007, Rosa and Rafaela notified TBD's Vice President of Finance and Controller, Defendant Geylon, that they were being discriminated against based on sex and that they, as well as Rudy, were the victims of sexual harassment. Geylon failed to take any action to remedy the situation. Several days later, Rosa and Rafaela contacted TBD's Human Resources Manager, Defendant Notorangelo, to express their concerns that the situation was getting worse, that it was unbearably stressful, that they feared being fired, and that they were considering reporting the harassment to the EEOC. Notorangelo responded that Plaintiffs should "do what they have to do."

In August of 2007, Rodriguez died of lung cancer, and Velez was appointed by Geylon as the new supervisor of the cleaning attendants. Velez continued the pattern of harassment despite Rodriguez's death, and she threatened termination due to Rosa making Rodriguez "die alone." Velez also encouraged and directed other employees to harass Plaintiffs, including "frequently engaging in abusive acts similar to those previously prompted by Rodriguez," as well as directing Plaintiffs' co-worker, Defendant Javier, to release the air from Rosa's tires.

Velez told Rosa and Rafaela that they were "expressly forbidden from going over her head" by reporting their working conditions to Human Resources, and she threatened that any such reports would result in immediate termination. Additionally, Velez created two false reports of alleged insubordination by Rafaela.

Rafaela again contacted Geylon and Notorangelo to complain of Velez's harassment of her and Rosa. Despite Rafaela's report of harassment, on October 30, 2007, Velez caused Rosa to be fired by wrongfully accusing Rosa of taking supplies without permission.

4

Thereafter, Plaintiffs filed the instant lawsuit against TBD, Velez, Notorangelo, Geylon, and Javier. Plaintiffs assert eight claims, including the following four claims at issue in this motion: (1) Count IV - violation of the Fair Labor Standards Act; (2) Count V - negligence; (3) Count VI - intentional infliction of emotional distress; and (4) Count VIII - negligent infliction of emotional distress.

### III. Motion to Dismiss/Motion for Summary Judgment

Defendants move to dismiss four of the eight counts asserted in the complaint. Accordingly, the Court will analyze each count at issue.

#### A. Fair Labor Standards Act

In addition to the various claims based on the alleged sexual harassment, Rosa also asserts an unpaid wages and overtime claim under the Fair Labor Standards Act ("FLSA") against TBD (Count IV). Specifically, Rosa alleges that throughout the period of approximately "November 2006 to May 2006," she was wrongly classified as an exempt employee and was not paid for the hours she worked in excess of forty each week.

Defendants move to dismiss and/or for summary judgment on this claim. Specifically, Defendants argue that the FLSA claim fails because: (1) Rosa fails to state a claim, as there is no recognized time period of "November 2006 to May 2006;" and (2) TBD is exempt under the Amusement or Recreational Establishment Exemption.[3] The first argument has merit.

Rosa fails to adequately state a claim for unpaid minimum and overtime wages, because

---

[3] To the extent that Defendants argue that Rosa cannot pursue her overtime claim because she erroneously refers to her damages as a regular rate of pay instead of time-and-a-half, the Court rejects this argument. Construing the complaint under the liberal notice pleading standards, Rosa is attempting to assert a claim for unpaid wages and overtime for hours worked in excess of forty per week.

5

she fails to plead a recognizable time period. The period of "November 2006 to May 2006" does not exist, and despite Defendants pointing this out in their motion, Rosa never responds to explain the period to which she is referring. She could be referring to November of 2006 to May of 2007, or to May of 2006 to November of 2006; in fact, she could be referring to a different period all together. TBD should not be forced to guess what period is at issue, and as a result, this claim fails.

The Court anticipates that Rosa may move to amend her complaint to correct the deficiency with the time period for her FLSA claim. If that occurs and she is granted leave to amend, Defendants will likely re-assert their argument that TBD is exempt from the FLSA minimum wage and overtime provisions due to the Amusement or Recreational Establishment Exemption contained in 29 U.S.C. § 213(a)(3)(B).

Pursuant to § 213(a)(3)(B), TBD is exempt if "during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year." Defendants submit evidence that TBD was exempt under this section for certain years prior to 2002, but they do not appear to have submitted evidence showing that TBD was exempt during the year in question.[4]

As explained above, Rosa's FLSA claim is not properly pled. Accordingly, the Court dismisses that claim without prejudice.

## B. Intentional Infliction of Emotional Distress

In Count VI, Plaintiffs assert an intentional infliction of emotional distress ("IIED")

---

[4] While the Court is unable to determine the year in question due to Plaintiffs' defective pleading, it appears likely that it was after 2002.

claim against Velez based on her: (1) threatening to terminate Plaintiffs for Rosa's failure to resume her sexual relationship with Rodriguez, (2) threatening to terminate Plaintiffs due to Rosa causing Rodriguez to "die alone," (3) inducing co-workers to let the air out of the tires on Rosa's car, and (4) terminating Rudy and Rosa. As explained below, this claim fails.

At the outset, this Court notes that "whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court*, not a question of fact." Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993)(emphasis in original)(citation omitted). In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." Id. at 1499 (citation omitted). While "there is no definitive example of what constitutes 'outrageous conduct,' . . . Florida case law on the subject has evinced a comparatively high standard." Id. Furthermore, the Florida Supreme Court has quoted the following explanation of outrageous conduct:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Insurance Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985)(quoting Restatement (Second) of Torts §46 (1965)).

This Court notes that courts in Florida and the Eleventh Circuit have been extremely

7

reluctant to find sexually harassing conduct to be sufficiently outrageous to justify a claim for intentional infliction of emotional distress.  See Ball v. Helig-Meyers Furniture Co., 35 F. Supp.2d 1371, 1376 (M.D. Fla. 1999)(granting a motion to dismiss despite the plaintiff-employee's allegations that her store manager rubbed his penis across her buttocks, squeezed her buttocks while making a suggestive comment, made suggestive comments to her while she was breast-feeding her child, and tried to touch or rub up against her breasts); Blount v. Sterling Healthcare Group, 934 F. Supp. 1365, 1371 (S.D. Fla. 1996)(granting a motion to dismiss despite the plaintiff-employee's allegations that the company president kept hugging her and refusing to release her, repeatedly rubbed her breasts with the back of his arm, and made sexually explicit and suggestive comments to her); Howry v. Nisus, Inc., 910 F. Supp. 576, 580 (M.D. Fla. 1995)(granting a motion to dismiss despite the plaintiff-employee's allegations that the alleged harasser forced her to listen to explicit phone conversations, commented to her on the size of his penis, made her view a suggestive doll, used a bull-whip and obscene language in the office, and touched himself and other employees in a suggestive manner).  Furthermore, "such courts generally recognize the cause of action to lie only where the plaintiff alleges repeated and relentless physical and verbal abuse."  See Benn v. Florida East Coast Railway Co., No. 97-4403-CIV, 1999 WL 816811, at *9 (S.D. Fla. July 21, 1999)(citations omitted).  The facts of this case do not come close to falling within the narrow realm of sexually harassing conduct that could support an IIED claim.  Accordingly, the Court dismisses Plaintiffs' IIED claim.

### C.  Negligent Infliction of Emotional Distress

In Count VIII, Rosa and Rafaela assert a negligent infliction of emotional distress ("NIED") claim against Geylon and Notorangelo.  In this claim, they allege that they each have

suffered (1) rapid and significant weight loss and malnutrition, (2) heart palpitations, (3) chronic headaches, and (4) intestinal distress.

Defendants move to dismiss this claim, arguing that Plaintiffs do not satisfy Florida's impact rule. Specifically, they point out that in order to recover damages for NIED, a plaintiff must manifest a physical injury as a result of the emotional trauma. See Gonzalez-Jimenez de Ruiz v. U.S., 231 F. Supp.2d 1187, 1200-01 (M.D. Fla. 2002)(citation omitted). The Florida Supreme Court has explained "that such psychological trauma must cause a demonstrable physical injury such as death, paralysis, muscular impairment, or similar objectively discernible physical impairment before a cause of action may exist." Brown v. Cadillac Motor Car Div., 468 So. 2d 903, 904 (Fla. 1985). Upon review of the of Plaintiffs' allegations, this Court finds that Plaintiffs' alleged injuries are not sufficient to support a NIED claim.

**D. Negligence**

In Count V, Plaintiffs assert a negligent hiring/retention claim against TBD for failing to prevent and correct the sexual harassment. Defendants argue that this claim must be dismissed, because such a claim must be based on an underlying tort committed upon the plaintiff, and sexual harassment is not a recognized tort.

Plaintiffs appear to respond that this negligence claim is not based on sexual harassment, but instead, it is based on the following recognized torts: (1) the infliction of emotional distress that resulted from the sexual harassment, (2) malicious prosecution of Rosa due to "being escorted by authorities under threat of trespass from TBD's premises," (3) false and defamatory allegations of theft, (4) trespass to chattels, and (5) conspiracy to commit these torts. Plaintiffs' argument lacks merit.

As previously explained, Plaintiffs have not sufficiently alleged a viable claim of intentional or negligent infliction of emotional distress. Furthermore, being escorted by authorities from TBD's premises "under threat of trespass" does not constitute malicious prosecution.[5] Plaintiffs have also not sufficiently alleged that false and defamatory allegations of theft were made against them.[6]

With respect to the trespass to chattels allegation, the Court construes this as referring to the incident where Velez directed Plaintiffs' co-worker to let the air out of Rosa's tires. Construed this way, Plaintiffs assert that TBD engaged in negligent hiring/retention of Velez, which led to the alleged trespass on Rosa's tires. However, in order to state a negligent hiring/supervision claim based on the alleged trespass to chattel, Plaintiffs must allege that TBD could have reasonably foreseen Velez's propensity for causing property damage. See Malicki v. Doe, 814 So. 2d 347, 362 & 362 n.15 (Fla. 2002). While Plaintiffs have alleged that they reported the threats of termination based on Rosa's failure to resume her sexual relationship with Rodriguez prior to the tire incident, they have not alleged that they reported any threats of property damage or that TBD should have known of Velez's propensity for causing property

---

[5]Under Florida law, "a malicious prosecution action requires the plaintiff to prove all of the following six elements: (1) a criminal or civil judicial proceeding was commenced against the plaintiff; (2) the proceeding was instigated by the defendant in the malicious prosecution action; (3) the proceeding ended in the plaintiff's favor; (4) the proceeding was instigated with malice; (5) the defendant lacked probable cause; and (6) the plaintiff was damaged." Miami-Dade County v. Asad, 2009 WL 605330, at *6 (Fla. 3d DCA Mar. 11, 2009)(citations omitted).

[6]It appears that Plaintiffs may be attempting to base the defamation claim on the alleged taking of supplies without permission, which led to Rosa's termination. While Plaintiffs refer to this incident as Velez's attempt to "orchestrate[] . . . the entrapment and termination" of Rosa for theft, the only allegation regarding statements made by Velez is that Velez said that she did not give permission for the supplies to be taken. (Doc. No. 2, ¶ 56). Such is not a sufficient pleading of a defamation claim.

damage. As such, trespass to chattels is not a viable basis for the negligent hiring/retention claim.

In addition, Plaintiffs have not alleged the tort of conspiracy to commit these acts. As such, since Plaintiffs' negligent hiring/retention claim is not based on a recognized tort committed upon Plaintiffs, this claim must be dismissed.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendants motion to dismiss and/or motion for summary judgment (Doc. No. 12) is **GRANTED**. Counts V (negligence), VI (IIED), and VIII (NIED) are dismissed with prejudice, and Count IV (FLSA claim) is dismissed without prejudice.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of April, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record